# In the United States Court of Federal Claims

No. 19-1173

(Filed: February 7, 2020)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LEATRICE NANNETTE CARLEY, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DISMISSAL FOR FAILURE TO PROSECUTE

On October 11, 2019, the Government filed a motion to dismiss Ms. Carley's complaint. Ms. Carley's response to the motion was due by November 12, 2019, but was not filed. On December 4, 2019, this Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute, and ordered Ms. Carley to respond by December 18, 2019.

On December 23, 2019, Ms. Carley filed a motion for a 30-day extension of the deadline for filing her response. The Court granted the motion for extension, and ordered her to file her response on or before February 3, 2020, including a statement explaining why the Court should not dismiss her complaint under Rule 41(b) of the Court of Federal Claims for failure to prosecute. Dkt. No. 11. The Court also noted that failure to comply with the order would result in dismissal of the complaint. Id.

RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl.

7018 2290 0000 5183 8396

13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)). Here, Plaintiff failed to respond to the Government's motion to dismiss and to the Court's show cause order. Dismissal is therefore not only appropriate, but required to maintain judicial efficiency and conserve court resources.

Accordingly, this case is DISMISSED, with prejudice, for failure to prosecute in accordance with Rule 41(b), and all pending motions are dismissed as moot. The Clerk is directed to enter judgment for the Government.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge